Dear Mayor Cravins:
Your request for an Attorney General's opinion has been forwarded to me for research and reply. Specifically, you ask the following questions:
 1) Is it legal and ethical to place equipment owned by the City of Opelousas on the personal vehicle of the chief of police?
 2) Does a city decal have to be placed on the vehicle?
 3) Whose insurance will be liable if an accident occurs?
The first question is answered by the Louisiana Constitution Article 7, Section 14. This provision states in pertinent part, "Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private." While there are some exceptions which include cooperative endeavors, fulfillment of a prior obligation, and the donation or exchange of surplus property between political subdivisions whose functions include public safety, placing of publicly owned equipment on a private vehicle is prohibited.
Also, LSA-R.S.32:1(1) which defines an "authorized emergency vehicle" is applicable here. Numerous vehicles are included in this definition, but the only privately owned vehicle which can be an emergency vehicle is one belonging to a *Page 2 
member of an organized volunteer fire department or fire district when the vehicle is so designated or authorized by the fire chief of that fire department or fire district. It appears from a reading of the constitutional provision and LSA-R.S. 32:1(1) that the private vehicle of the chief of police cannot have publicly owned property placed on the vehicle. In addition, the vehicle cannot be classified as an authorized emergency vehicle unless it is publicly owned and is equipped with sirens and flashing lights in accordance with LSA-R.S. 32:318.
Your second question regarding whether the vehicle must have a decal or insignia of your city painted on it is not applicable. Louisiana Revised Statute 49:121 describes the requirements for identifying public property. Since the vehicle is privately owned and does not belong to the City of Opelousas it cannot have the city insignia placed on it.
Your last question asks whose insurance would be liable in the event of an accident. A reading of LSA-R.S. 22:614(A) which is contained in the Louisiana Insurance Code states that a contract of insurance on property or interest therein cannot be enforced except for benefit of persons having an insurable interest in the things insured. Since your city only has an interest in the lights and sirens on the vehicle, but not the vehicle itself, a policy for coverage on the vehicle probably cannot be obtained by the City of Opelousas. This would put the finances of your city at great risk if the chiefs vehicle does not have adequate insurance coverage. It is suggested that you consult your city's risk managers to determine if insurance coverage can be written on a privately owned vehicle.
In summary, it is the opinion of this office that public equipment cannot be placed on a privately owned vehicle. Since the vehicle does not belong to your city it cannot have a city insignia placed on it. Also, it is questionable if your city can insure this vehicle since the city only has a small insurable interest in the vehicle if public equipment were placed on it.
We trust your questions have been answered. However, if you should need anything further do not hesitate to contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL Attorney General
 By: __________________________ FRANCES J. PITMAN Assistant Attorney General